## Woolsey's Estate

623

*John E. Flynn, of High, Dettra & Swartz,* for petitioner.

HOLLAND, P. J., October 20, 1944.—Petitioner is the surviving trustee under decedent's will of her residuary estate. Decedent was a resident of this county at her death and the administration of her estate is within the jurisdiction of this court. She owned an undivided one-half interest in certain real estate in the City and County of Philadelphia, which petitioner now has an opportunity to sell. Lack of a testamentary power to sell makes recourse to the Revised Price Act necessary.

The Act of June 7, 1917, P. L. 388, sec. 1, 20 PS 1561, in conferring jurisdiction on the orphans' court expressly states that it shall be ". . . with respect to real estate situate *within the county* . . ." (italics supplied). The original Price Act of April 18, 1853, P. L. 503, in that respect was unchanged by the 1917 revision, although the wording was changed; nor did the amendment to the latter, by the Act of May 12, 1939, P. L. 126, sec. 1, make any change. Roland R. Foulke, whose assistance in drafting the Revised Price Act the commissioners acknowledge, discusses the point in his Treatise on the Price Act, p. 22, §16. The distinction between a sale of real estate under the Price Act and under the statute governing sales for payment of debts is clearly drawn. In the former, the condition of the decedent's estate is immaterial—it is only the condition of the title to the land that is important. In the latter, the condition of the decedent's estate is not only material, but the starting point. Inadequacy of personal estate and rents of real estate

must be made out before a sale of real estate can even be considered. Then, and not until then, comes the question of adequacy of price, etc. For those reasons, the court of the county where the land lies was given direct and sole jurisdiction over Price Act sales: there is no question for the court having jurisdiction over the fiduciary's accounts, when of a different county, to decide. Conversely, in sales for debts, the court having jurisdiction over the fiduciary's accounts must first determine the necessity for the sale. That being established, jurisdiction to consummate the sale is transferred to the court of the county where the land lies. Thus the difference in procedure is based on reason and not on any oversight in drafting the statutes.

In Morrison et al. v. Nellis et al., 115 Pa. 41 (1886), title to real estate in Allegheny County, through the purchaser from a guardian appointed in Washington County, was attacked on the ground that the Orphans' Court of Allegheny County had no jurisdiction to decree the sale by the guardian. There were no proceedings taken by the guardian in Washington County. Title through the guardian was sustained.

It, therefore, seems clear that, in the present case, the Orphans' Court of Philadelphia County has jurisdiction to decree the sale of the real estate in question, and that that jurisdiction is exclusive and complete. Nothing in the Revised Price Act gives this court any jurisdiction whatsoever. We are certainly without power to decree the sale, and there is no indication of any power either to deny or to grant permission to a fiduciary to apply to the court which alone has express jurisdiction to do that very thing.

The petition before the court recites that it is filed because of Rule 20(M)2 of the Orphans' Court of Philadelphia County, which provides as follows:

"Fiduciaries, whose appointments originated in other counties of this Commonwealth [i. e. other than Philadelphia County] must first obtain leave of the

court of their origin to petition this court [Philadelphia Orphans' Court] under the Revised Price Act, to sell or mortgage real estate located in this [Philadelphia] county . . ."

We are reluctant to entertain this petition. However, we do not wish, nor would it be just, to make it impossible for the petitioner to comply with this rule of the court which must decree the sale. Nevertheless, we expressly disclaim action on this petition as a precedent, especially in cases where the court of the locus of the real estate, under similar circumstances, has no such rule. But, since we may expect other petitions of a similar nature, we deem it important at this time to indicate to the profession what we regard as the maximum necessary averments that should appear therein.

Since we have nothing to pass upon, as above indicated, we see no reason why the prayer of the petition should not be founded solely upon the ground of the requirement of the Philadelphia rule, because that will be the sole reason for our action. The petition need only recite, therefore, the fact that the fiduciary is answerable in its accounts to this court, that the property is located in Philadelphia County, and the existence of the rule of court of that county. The same would apply where other counties of the locus of the real estate have a similar rule. The decree should be drawn showing that the sole ground for entering it is the rule.

And now, October 20, 1944, it appearing that Rule 20 (M) 2 of the Orphans' Court of Philadelphia County so requires, leave is granted to petitioner to petition the Orphans' Court of Philadelphia County under the Revised Price Act to sell the real estate, referred to in the petition, located in said county.